IRVING, J.,
Dissenting:
¶ 19. With respect for and deference to the majority, I must dissent because the record does not support the conclusion of the majority that the Appellant’s objection to the admission of the affidavit was withdrawn. The affidavit of Tonya K. Abel was hearsay in its most pristine form and should not have been admitted.
¶ 20. This is what the record reveals concerning the admission of the affidavit:
Q. Mr. Abel, I want to hand you this document and ask if you can identify it, please? Can you identify it?
A. Yes, sir.
Q. What is that, Mr. Abel?
A. It’s an affidavit that you had sent me and that Tonya signed here and it was notarized by Consumer National Bank.
Q. Mr. Abel, were you present when that affidavit was executed?
A. Yes, sir.
Q. And actually in your presence?
A. Yes, sir.
Q. Can you tell the Court that you have in the past had the occasion to observe the signature of Tonya Kay Abel?
A. Yes, sir
Q. Do you recognize the signature on that document to be the signature of Tonya Kay Abel?
A. Yes, sir.
MR. ROBINSON (counsel for Mr. Abel): We’d move to have that admitted as the next numbered exhibit for the respondent.
MR. McINTYRE (counsel for Mrs. White): Of course, we object, Your Hon- or. That’s an affidavit executed by a third party. And getting an entry into evidence it’s extremely difficult to cross-examine an instrument. This is an affidavit by the daughter. I’m familiar with it. Unless the daughter is here to testify I would object to it.
*104 ¶ 21. After the above exchange, Mr. Robinson attempted to justify the admission of the affidavit on the basis that Mrs. White had not timely answered some requests for admission which dealt with the affidavit. This is that argument:
MR. ROBINSON: I would remind the Court that on yesterday there were request for admissions admitted as exhibits in this litigation that goes back to the order signed by Judge Stewart, I believe, July of 1997, wherein the plaintiff was required to respond to request for admissions within ten days. They failed to do that. And yesterday the Court admitted as part of this record those admissions and contained in the admissions are admissions about this affidavit. And the admission by the plaintiff that they have been served with this affidavit, that it is the affidavit of Tonya Abel and that she has made those admissions in this affidavit.
And there has been no motion and no order by the plaintiff withdrawing the admission that they have admitted. And it comes in, one, there and it comes in, two, of his personal knowledge of the signature. He recognizes it, he testifies under oath that he is familiar with it and further he was present. And if they have any objection to that they could have called Tonya Abel as a witness.
1Í22. It was later shown that the requests for admissions were answered prior to the deadline set by Judge Steward. Upon discovery of this fact, counsel for Mr. Abel withdrew his contention that the affidavit should be admitted because of Mrs. White’s failure to timely answer the admissions, and then sought to have the affidavit admitted solely on the basis of Mr. Abel’s testimony. This is what the record reveals:
MR. ROBINSON: Because of the delay, Your Honor, I will withdraw any further discussion or objection about the admission and stand on the admission of the affidavit based on the testimony of Mr. Abel.
THE COURT: All right. Let me say this:
I’ve allowed certain evidence in that I’m probably going to disregard. I think if I just followed the strict rules of evidence we wouldn’t even be presenting any evidence because of the failure to respond to the interrogatories and request for production and an accounting and everything else timely.

I’m going to allow the affidavit in as the affidavit of the minor under oath. And I’ll give it which weight I deem appropriate. That’s how I’m going to do it.

Now, if you want to call the — yesterday I restricted your ability to call that witness because—
MR. McINTYRE: No, I — Judge, I don’t intend to call her. I would ask the Court at this time to make a finding of facts and conclusion of law on how the Court arrives at its decision to have this instrument entered into at this time in order to protect the record.
THE COURT: Well, I don’t really want to say a whole lot, Gentlemen, but if I held your feet to the fire on the strict rules of evidence you wouldn’t have even been able to put on any proof. You wouldn’t have even been able to call a witness. Now, so I can’t bend the rules for you and not bend the rules a little over here.
Mr. McINTYRE: Withdraw it, Your Honor.
(emphasis added).
¶23. It is clear to me, based on the quoted excerpts from the record, that Mr. McIntyre, counsel for Mrs. White, never withdrew his objection to the admissibility *105 of the affidavit. He simply withdrew his request that the court justify the ruling, by making specific findings of fact and conclusions of law, for admitting it. Further it is clear that the contents of the erroneously admitted affidavit are the basis for the trial court’s conclusion that Mrs. White’s action was time barred. For the reasons stated, I respectfully dissent. I would reverse and remand this case to the trial court for a new trial.
KING AND SOUTHWICK, P.JJ., JOIN THIS SEPARATE OPINION.